IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| CHRIS WITT, JR., | : | Case No. 1:19-cv-651 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| ANDREW SAUL, Commissioner of Social Security, | : | |
| Defendant. | : | |

ORDER SUSTAINING OBJECTIONS (DOC. 21), ADOPTING IN PART REPORT
AND RECOMMENDATION (DOC. 19), REVERSING THE COMMISSIONER'S
DECISION, REMANDING MATTER FOR FURTHER PROCEEDINGS PURSUANT
TO SENTENCE FOUR OF 42 U.S.C. § 405(g), AND TERMINATING ACTION

This case is before the Court upon the Commissioner's Objections (Doc. 21) to the Report and Recommendation (Doc. 19) entered by United States Magistrate Judge Karen L. Litkovitz. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the Commissioner's final decision denying Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Based on a thorough review of the record, Magistrate Judge Litkovitz recommended that the Court reverse the Commissioner's denial of benefits and remand this matter for further proceedings, including reevaluation of the treating nurse practitioner's opinion under the applicable regulations, reevaluation of the opinions of the other medical sources of record, and additional vocational and other testimony as warranted. (Doc. 19 at PageID# 1269-70.)

The Commissioner does not object to the Magistrate Judge's finding that, with respect to the DIB claim, there was not substantial evidence supporting the ALJ's reasons for giving little weight to the opinion of Lauren Mente, a certified nurse

practitioner. Nor does the Commissioner object to the Magistrate Judge's finding that, with respect to the SSI claim, the ALJ failed to properly assess the severity of Plaintiff's symptoms, based on the same reasons discussed in assessing Ms. Mente's opinion. Rather, the Commissioner objects only to the Magistrate Judge's analysis of which rules apply to Plaintiff's claims. Plaintiff has not filed any response or opposition to the Commissioner's Objections and the time to do so has expired. *See* Fed. R. Civ. P. 72(b)(2).

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. The Commissioner's first objection is that the Magistrate Judge incorrectly concluded that the ALJ did not apply the correct rules and regulations when addressing Plaintiff's SSI claim. The Magistrate Judge opined that, since the SSI claim was filed in July 2017, the ALJ should have applied the agency's revised regulations relating to considering medical opinion evidence that apply to claim filed on or after March 27, 2017. The Commissioner contends that, because the SSI claim was filed when the DIB claim was still pending, the date of the DIB claim controls which rules and regulations apply to both claims. He cites the Social Security Administration's Program Operations Manual System (POMS), which is a primary source of information used by agency employees to process claims for Social Security benefits. Specifically, the POMS provides that in a situation where one claim is open when another claim is filed, the rules applicable to the earliest filing date are used. *See* POMS DI 24503.050(D)(2)(a). The Commissioner's first objection is well-founded and therefore sustained. *See Fox v. Bowen*, 835 F.2d 1159, 1162 (6th Cir. 1987) ("A reviewing court generally accords great deference to an agency's interpretation of its own regulations.").

The Commissioner's second objection is that the Magistrate Judge incorrectly referred to rescinded SSR 06-03p and "former" or "prior" regulations when setting forth the authority pursuant to which a medical source who is not an acceptable medical source should be considered. He cites an agency correction notice clarifying the effective date of SSR 06-03p's rescission and language contained in the revised federal

2

regulations regarding the rules applicable to claims filed before or after March 27, 2017. *See* 82 Fed. Reg. 16,869; 20 C.F.R. §§ 404.1513, 404.1527, 416.913, 416.927, 404.1520c and 416.920c. The Federal Regulations plainly state which rules to follow based on a claims filing date. Plaintiff's second objection is therefore sustained.

For the reasons above, Plaintiff's Objections are well-taken and accordingly **SUSTAINED**. The Court therefore **ADOPTS IN PART** the Report and Recommendation (Doc. 19) and, subject to Plaintiff's Objections, **REVERSES** the Commissioner's denial of benefits and **REMANDS** this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). This case shall be **TERMINATED** on the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND