# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHRIS D. W., JR.,[1]
    Plaintiff,

        vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:19-cv-651

McFarland, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

This matter is before the Court on plaintiff's counsel's Motion for Award of Attorney

Fees pursuant to 42 U.S.C. § 406(b) (Doc. 31) and the Commissioner's response stating that the

Commissioner does not oppose the requested fee.  (Doc. 32).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney

a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for

work done in a judicial proceeding.  42 U.S.C. § 406(b)(1)(A).  *See Horenstein v. Sec'y of*

*H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work

performed before the court, and not before the Social Security Administration).  Fees are

awarded from past-due benefits withheld from the claimant by the Commissioner and may not

exceed 25 percent of the total past-due benefits.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 792

(2002).

In determining the reasonableness of fees under § 406(b), the starting point is the

contingency fee agreement between the claimant and counsel.  *Gisbrecht*, 535 U.S. at 807.

When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of H.H.S.*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of H.H.S.*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be

reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

Here, the fee of $6,000.00 that plaintiff's counsel requests falls within the 25 percent boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff's counsel has submitted an itemized billing sheet showing that she performed a total of 19.5 hours of work on the case in this Court. (Doc. 31-2). Plaintiff's counsel has also submitted a copy of the contingency fee agreement she entered into with plaintiff, under which plaintiff agreed to pay his counsel a contingency fee of 25 percent of past-due benefits. (Doc. 31-3).

Dividing the $6,000.00 requested by plaintiff's counsel by the 19.5 hours plaintiff's counsel worked on the case before this Court yields a hypothetical hourly fee of $307.70. In determining whether plaintiff's counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 420-21 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id*.

Plaintiff's counsel states that her normal hourly rate for federal appeals is $165.00 based on her background and experience.  (Doc. 31 at PAGEID 1365; *see also* Doc. 31-1).  The $307.70 hypothetical hourly rate is less than twice plaintiff's counsel's standard rate and rates previously approved by the Court for comparable work in the relevant market.  *See, e.g., Martin v. Comm'r of Soc. Sec.*, No. 3:13-cv-336, 2017 WL 443137, at *2 (S.D. Ohio Feb. 2, 2017) (hypothetical hourly rate of $690.10 for 19.2 hours of work), *adopted sub nom. Martin v. Berryhill*, 2017 WL 680646 (S.D. Ohio Feb. 21, 2017); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *1-2 (S.D. Ohio Oct. 16, 2014) (hypothetical hourly rate of $825.13 for 24.75 hours of work), *report and recommendation adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014).  Therefore, the requested fee of $6,000.00 does not constitute a windfall to plaintiff's counsel.  *Hayes*, 923 F.2d at 422.  The Court notes that plaintiff's counsel did not unduly delay the resolution of this matter, and she achieved an excellent result in this case by obtaining a favorable disability determination with back pay benefits in the amount of $64,980.00.  (Doc. 31-4 at PAGEID 1377).  Further, plaintiff voluntarily entered into the contingency fee agreement with plaintiff's counsel, and plaintiff's counsel assumed the risk of non-payment.  The Commissioner does not oppose the fee request.  (Doc. 32).  Having reviewed plaintiff's counsel's § 406(b) fee request in light of these considerations, the Court finds that a fee of $6,000.00 is reasonable for the work plaintiff's counsel performed in this Court.

Plaintiff's counsel acknowledges that her motion was filed 12 days beyond the applicable deadline in S.D. Ohio Civ. R. 54.2(b) and requests that the Court equitably toll the deadline. Plaintiff's counsel explains that she prematurely filed the motion, and a subsequent misunderstanding by members of her staff resulted in the pending, late-filed motion.  (*See* Docs.

28-29 and Doc. 31-5).  Plaintiff's counsel further advises that she immediately filed the pending

motion upon learning of receipt of the Notice of Award, is putting office procedures in place to

avoid future delays, and has reduced the amount requested in this case to account for the error.[2]

The Court must consider the following factors to determine whether equitable tolling of

the fee-motion deadline is appropriate:

> (1) [plaintiff's counsel]'s lack of [actual] notice of the filing requirement; (2)
> [plaintiff's counsel]'s lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights; (4) absence of prejudice to the
> [Commissioner]; and (5) [plaintiff's counsel]'s reasonableness in remaining
> ignorant of the legal requirement for filing. . . .

*Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449, 453-54 (6th Cir. 2018) (quoting *Cook v. Comm'r of*

*Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007)).  Factors (1), (2), and (5) weigh against tolling, as

plaintiff makes no argument that she did not know the deadline.  Factor (3) weighs towards

tolling, as plaintiff's counsel's premature motion and correspondence attached to the pending

motion demonstrate diligence.  (*See* Docs. 28-29 and Doc. 31-5).  Factor (4) also weighs towards

tolling, as the Court does not appreciate, and the Commissioner does not raise in response, any

prejudice related to the 12-day delay.

While fewer factors weigh towards tolling than against, the Court finds that it is

appropriate to equitable toll the fee-motion deadline under these circumstances.  The Court is

satisfied that plaintiff's counsel's reduction to her fee request serves to discourage habitual error.

*Cf. Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) ("Although allowing Cook to

file his complaint one day late likely would create little prejudice to the Commissioner in this

---

[2] The agency withheld $16,245.00: twenty-five percent of total past-due benefits.  (*See* Doc. 32 at n.2 (explaining mistaken reference in the Notice of Award to an amount withheld of $6,000.00)).  The agency has already paid plaintiff's counsel $6,000.00 pursuant to 42 U.S.C. § 406(a)(2).  (*See id.*).  Plaintiff states that she would have sought the remaining $10,245.00 of the amount withheld but for her error.  (Doc. 31 at PAGEID 1367; *see also* Doc. 31-4 at PAGEID 1377 (noting a remaining amount withheld of $10,245.00)).

particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.").

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Court equitably toll the fee-motion deadline in S.D. Ohio Civ. R. 54.2(b); and

2. Plaintiff's counsel's application (Doc. 31) be **GRANTED** in the amount of $6,000.00 under 42 U.S.C. § 406(b).

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHRIS D. W., JR.,                                  Case No. 1:19-cv-651
      Plaintiff,                              McFarland, J.
                                                    Litkovitz, M.J.

      vs.

COMMISSIONER OF
SOCIAL SECURITY,
      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).